**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexia Cabanillas, et al., | No. CV-20-00894-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| 4716 Incorporated, et al., | |
| Defendants. | |

The Court has considered Plaintiffs' Motion to Strike Defendants' Affirmative Defenses Pursuant To Fed. R. Civ. P. 12(f).* (Doc. 47.) The Motion here targets some, but not all, of the affirmative defenses asserted in the Answer to Plaintiffs' First Amended Complaint. In their responsive brief, Defendants agree that their Fourth Affirmative Defense, that "[a]ll or part of the claims in this action are barred by the de minimis doctrine" (Doc. 44 at 9 ¶ 4), is an insufficient defense and should be stricken. Defendants oppose the remainder of the Motion.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored because they seek a drastic remedy and are often used as a delaying tactic. *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009). "As such, even

---

* Neither party has requested oral argument. The Court believes that oral argument would not significantly aid the decisional process. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same).

when a motion to strike an insufficient defense is 'technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.'" *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 n.34 (3d ed. 2019)). The Ninth Circuit applies a "fair notice standard" to motions to strike affirmative defenses. *Adidas Am., Inc. v. Aviator Nation, Inc.*, 3:19-CV-02049-HZ, 2021 WL 91623, at *2 (D. Or. Jan. 10, 2021). Under the fair notice standard, an affirmative defense need only describe the nature of the defense "in 'general terms.'" *Id.* (quoting *Kohler v. Flavia Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)).

The Court is disinclined to grant Plaintiffs' motion at this early stage in the litigation process. First, the Court will not take up what appears to be Plaintiffs' offer to engage in an in-depth evaluation of the merits of the affirmative defenses. Second, to the extent that Plaintiffs complain that the Answer does not provide fair notice of the nature of the affirmative defenses, any such deficiency appears to have been corrected to some degree in Defendants' responsive brief. For example, Defendants have provided additional information on their statute of limitations and waiver affirmative defenses. They also explain that the release of claims, collateral estoppel, and res judicata defenses may apply to a future plaintiff that is subject to this FLSA collective action. Defendants further acknowledge therein that one of their asserted affirmative defenses is insufficient as a matter of law. Third, Defendants bear the burden of proof to establish affirmative defenses and, if that proof does not exist, Plaintiffs may later move for summary judgment.

Accordingly,

**IT IS ORDERED** granting Plaintiffs' Motion to Strike Defendants' Affirmative Defenses Pursuant To Fed. R. Civ. P. 12(f) (Doc. 47) as to the Fourth Affirmative Defense – the de minimis doctrine – only. The Motion is denied in all other respects.

///

///

**IT IS FURTHER ORDERED** that the Motion to Compel Binding Arbitration (Doc. 43) and the Motion for Issuance of Notice and Conditional Certification Pursuant to Fair Labor Standards Act (Doc. 46) remain pending.

Dated this 3rd day of March, 2021.

Michael T. Liburdi
United States District Judge